UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HUNT CONSTRUCTION GROUP, INC.,
                    Plaintiff,

-v-

BERKLEY ASSURANCE COMPANY,
                    Defendant.

19-CV-8775 (JPO)

OPINION AND ORDER

---

J. PAUL OETKEN, District Judge:

    Plaintiff Hunt Construction Group, Inc. ("Hunt") brought this action against Defendant Berkley Assurance Company ("Berkley"), alleging that Berkley breached the parties' contract and the implied covenant of good faith and fair dealing by failing to defend Hunt in two separate lawsuits. (*See* Dkt. No. 1 ("Compl.").) The Court granted portions of Hunt's and Berkley's cross-motions for summary judgment and denied Berkley's motion to dismiss. (*See* Dkt. No. 60; *Hunt Construction Grp. v. Berkley Assurance Co.*, 503 F. Supp. 3d 106 (S.D.N.Y. 2020).) Berkley moves for reconsideration of that decision or, in the alternative, certification of part of this Court's November 30, 2020 opinion and order for interlocutory appeal. (Dkt. No. 61.) Hunt opposes, alternatively asking the Court to enter a judgment pursuant to Federal Rule of Civil Procedure 54(b) on two counts.

**I.    Background**

    The Court assumes familiarity with background of this case based on its prior opinion and order. *See* 503 F. Supp. 3d at 108-110.

**II.    Legal Standard**

    "Motions for reconsideration are . . . committed to the sound discretion of the district court." *Wilder v. News Corp.*, No. 11 Civ. 4947, 2016 WL 5231819, at *3 (S.D.N.Y. Sept. 21,

2016) (quoting *Liberty Media Corp. v. Vivendi Universal, S. A.*, 861 F. Supp. 2d 262, 265 (S.D.N.Y. 2012)).  While "a party may not advance new facts, issues or arguments not previously presented to the Court," *Steinberg v. Elkman*, No. 15 Civ. 278, 2016 WL 1604764, at *1 (S.D.N.Y. Apr. 6, 2016) (quoting *Nat'l Union Fire Ins. Co. v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001)), reconsideration may be granted because of "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," *Luv n' Care Ltd. v. Goldberg Cohen, LLP*, No. 15 Civ. 9248, 2016 WL 6820745, at *1 (S.D.N.Y. Nov. 10, 2016) (quoting *Hollander v. Members of the Bd. of Regents*, 524 Fed. App'x. 727, 729 (2d Cir. 2013)).

"The standard for granting . . . a motion [for reconsideration] is strict." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters . . . that might reasonably be expected to alter the conclusion reached by the court." *Id*.

**III.   Discussion**

Berkley seeks reconsideration of this Court's conclusion (*see* 503 F. Supp. 3d at 114-15) that Berkley waived its late-notice defense to coverage as a matter of law.  Specifically, Berkley contends that the reporting requirement trigger of coverage on a claims-made-and-reported insurance policy is not waivable under New York law.  In support, Berkley cites decisions it contends this Court overlooked — *McCabe v. St. Paul Fire & Marine Ins. Co.*, 914 N.Y.S.2d 814 (4th Dep't 2010), and *Calocerinos & Spina Consulting Eng'rs, P.C., v Prudential Reinsurance Co.*, 856 F. Supp. 775 (W.D.N.Y. 1994) — along with two 2020 decisions, including one by Judge Furman involving the same parties and policies at issue here. *See Berkley Assurance Co. v. Hunt Construction Grp., Inc.*, 465 F. Supp. 3d 370 (S.D.N.Y. 2020).

2

Judge Furman's opinion in *Berkley Assurance* — which was issued in June 2020, after the briefing on the motions in this case was completed — pointed out that "the overwhelming weight of authority holds that such an argument [for non-coverage based on late reporting] is not subject to waiver because the doctrine of waiver 'may not operate to create coverage where it never existed.'" *Id.* at 381 (quoting *McCabe*, 914 N.Y.S.2d at 816). Judge Furman continued: "Hunt fails to cite, and the Court has not found, any case holding that an insurer waived such an argument under a claims-made-and-reported policy." *Id.* at 381-82.

The Court concludes that reconsideration is warranted based on Judge Furman's decision and the fact that this Court's prior opinion overlooked the governing case law in the context of claims-made-and-reported policies.

As this Court explained in its prior opinion, in the leading case of *Albert J. Schiff Assocs., Inc. v. Flack*, 51 N.Y.2d 692 (1980), the New York Court of Appeals distinguished between instances in which the doctrine of waiver is "inapplicable" — i.e., "where the issue is the existence or nonexistence of coverage" — and situations "where an insured breached a policy condition, as for instance, failure to give timely notice." 51 N.Y.2d at 698. This Court concluded that Berkley's late-reporting defense in this case was essentially a species of the latter category — and therefore susceptible to being waived by the insurer.

Upon further analysis, however, the weight of the case law indeed treats claims-made-and-reported policies differently for purposes of precisely this distinction. As Judge Sweet explained, "The authorities establish that there is no coverage under a claims-made policy where the insured fails to notify the insurer of a claim by the end of the policy period (or extended reporting period, if any)." *Checkrite Ltd., Inc. v. Illinois Nat'l Ins. Co.*, 95 F. Supp 2d 180, 191-92 (S.D.N.Y. 2000). And as Judge Telesca further explained in *Calocerinos & Spina*, the nature

3

and purposes of claims-made policies are such that the timing of reporting claims (within or outside the policy period) is fundamental to defining coverage. 856 F. Supp. at 77-80. As such, in this context the governing rule is that "where the issue is the existence or nonexistence of coverage . . . , the doctrine of waiver is simply inapplicable." *Albert J. Schiff Assocs.,* 51 N.Y.2d at 698. Put another way, "[waiver] may not operate to create . . . coverage where it never existed." *McCabe*, 914 N.Y.S.2d at 816 (citation omitted).

There are now at least four court decisions reaching this conclusion under New York law with respect to claims-made-and-reported policies: Judge Furman's opinion in *Berkley*; Judge Telesca's opinion in *Calocerinos & Spina*; the Fourth Department's opinion in *McCabe*; and Justice Goetz's opinion in *Certain Underwriters at Lloyds London v. Advance Transit Co. Inc.*, 2020 WL 836801 (S. Ct. N.Y. Co. Feb. 14, 2020), *aff'd*, 132 N.Y.S.3d 621 (1st Dep't 2020). In light of these authorities, the Court considers it likely that the New York Court of Appeals would reach the same conclusion.

Upon reconsideration, therefore (and contrary to the Court's earlier ruling at 503 F. Supp. 3d at 114-15), this Court adopts the reasoning of those courts and joins them in their holding: In the context of claims-made-and-reported insurance policies, where the timing of claim reporting establishes the contours of policy coverage, an insurer's late-reporting defense is not subject to waiver.

Application of this principle, together with the Court's earlier conclusions regarding the Fairmount Austin Project (*see* 503 F. Supp. 3d at 111-14), results in summary judgment in favor of Berkley on Count I. The Court's prior order granted summary judgment in Berkley's favor on Count II (*see id*. at 115-16). And Count III, a claim for breach of the covenant of good faith and

fair dealing, is derivative of Counts I and II.  *See id*. at 116.  It follows that Berkley is entitled to summary judgment on all claims.

The parties' alternative requests for certification of an interlocutory appeal and a judgment under Rule 54(b) are denied as moot.

## IV.	Conclusion

For the foregoing reasons, Defendant Berkley's motion for reconsideration of a portion of this Court's opinion and order dated November 30, 2020 (Dkt. No. 60), is GRANTED.  Upon reconsideration, Defendant's motion for summary judgment dismissing all of Plaintiff's claims (Dkt. No. 39) is GRANTED.

The Clerk of Court is directed to terminate the motion at Docket Number 61, to enter judgment in favor of Defendant, and to close this case.

SO ORDERED.

Dated: September 24, 2021
	New York, New York

_____
	J. PAUL OETKEN
	United States District Judge